522 A.2d 193

Marie Guy, Appellant *v.* Robert B. Woods, President of Council; et al., Appellees.

Argued October 7, 1986, before President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

Harlan S. Stone, Stone, Specter & Stone, for appellant.

Gary H. McQuone, Brucker & McQuone, for appellees.

Opinion by President Judge Crumlish, Jr., March 13, 1987:

Marie Guy appeals an Allegheny County Common Pleas Court order dismissing her amended petition for declaratory judgment. We affirm.

Guy, an elected member of the Sewickley Borough Council (Council) challenges the validity of Council's Rule of Government 2E,[1] which grants discretion to each Council committee chairman to close committee meetings to other non-committee Council members, borough officials and/or the public.

Guy complains that Rule 2E is unconstitutional and that the various committee chairmen have impermissibly excluded her from committee meetings where she is not a designated member, in violation of rights granted her by the First[2] and Fourteenth[3] Amendments to the United States Constitution, and those granted by the Constitution of this Commonwealth.[4] The common

---

[1] *Rule 2. Government of Council*

*E. Special Informal Meetings*

The President or his delegate may call special informal meetings of Council which shall be closed to the public. At such meetings there shall be established no formal policies of the Borough nor shall there be any final votes taken on any matter to be put before Council except as expressly authorized by the Borough Code and the statutes of the Commonwealth of Pennsylvania. Each Committee Chairman may similarly call meetings of his committee which shall at the Chairman's option be closed or open to other Council members, borough officials or the public. At such meetings, there shall be no final vote on any resolution, rule, order, motion, regulation or ordinance, or the setting of any official policy, except as otherwise provided by law.

[2] U.S. CONST. amend. I.

[3] U.S. CONST. amend. XIV, §1.

[4] Article I, Section 26 of the Pennsylvania Constitution provides that neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right,

pleas court found that the rule was within the Council's legitimate authority to establish rules for its own governance and that it was neither discriminatory nor violative of constitutional rights.

We note at the outset that the Commonwealth's Open Meeting Law,[5] commonly known as the Sunshine Act, under which the Council operated when Guy instituted her action, required prior publication and open public meetings only before *formal action* was taken. Rule 2E, which recognized this limitation, prohibited any vote or other formal action in committee sessions. By the Act of July 3, 1986 (Act 84), the General Assembly repealed the earlier Sunshine Act[6] and subjected committee deliberations of Commonwealth subdivisions to open meeting requirements.[7] This statute did not become effective until January 3, 1987, and we presume that the Council will hereafter comply with the statute. However, because Guy confines her appeal to constitutional challenges to Rule 2E, we shall proceed to address those issues.

### First Amendment

Guy contends that Rule 2E is overbroad and thus violates her First Amendment right to free speech and association by operating to chill the exchange of political ideas and expression. The Council counters that the First Amendment does not guarantee an elected offi-

---

nor discriminate against any person in the exercise of any civil right. Although Guy confines her argument to a challenge on federal constitution principles, we conclude that Rule 2E neither creates an arbitrary classification nor discriminates against Guy in violation of our Commonwealth's Constitution.

[5] Act of July 19, 1974, P.L. 486, *as amended*, 65 P.S. §§261-269.

[6] Section 17 of the Act of July 3, 1986, P.L. 388 (Act 84).

[7] Section 3 of the Act of July 3, 1986.

cial's right to be included in each and every proceeding of an elected body, particularly when in such proceedings committee members may not adopt policy or take formal action without the approval of the full Council. We agree with the Council's contention.

A statute which is vague or overbroad may be unconstitutional when it implicates First Amendment freedoms of speech or association. However, a statute is not overbroad merely because its application implicates protected activity. *Veterans and Reservists for Peace in Vietnam v. Regional Commissioner of Customs, Region II,* 459 F.2d 676 (3d Cir. 1972), *cert. denied,* 409 U.S. 933 (1972). If its restrictions on First Amendment freedoms are no greater than necessary to protect substantial government interests, then a statute's restrictions can be tolerated. *Pirillo v. Takiff,* 462 Pa. 511, 341 A.2d 896 (1975), *reinstated,* 466 Pa. 187, 352 A.2d 11 (1976), *cert. denied,* 423 U.S. 1083 (1976).

Because Rule 2E advances a legitimate government interest and restricts Guy's right to speak and associate in only limited circumstances, we find that it does not violate her First Amendment rights. A local government certainly has an interest (if not a duty) to ensure that its internal affairs are operated efficiently. This interest has long been served in government by the committee structure, which allows for the division of legislative labor.[8] The volume of work and time constraints on legislative calendars dictate that investigatory functions be given to subparts of the whole Council, where members may develop expertise and familiarity with particular subject matters.

---

[8] For evidence of how this interest is served, we need look not only to local governments but also to our own Commonwealth Assembly and to the United States Congress, all of which function on the committee system.

Furthermore, we see no less restrictive alternative—and Guy points to none—which would effect the local government's end. If Guy and all other members were included as of right in all committee deliberations, the Council would at all times be acting as a committee of the whole. We recognize that legislative matters requiring formal action by the entire Council may need preliminary informal discussion among its members who have been assigned to develop local legislation in particular subject areas.

### Fourteenth Amendment

Guy also contends that Rule 2E establishes an arbitrary classification (committee members and non-committee members) and denies her equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution. Because fundamental[9] First Amendment rights to free speech and association are implicated by this classification, we must strictly scrutinize the Council's rule, *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1 (1973), to ensure that it is narrowly tailored to meet a compelling need. *Police Department of Chicago v. Mosley,* 408 U.S. 92 (1972).

We find that Rule 2E comports with the constitutional guarantees of equal protection of the laws. As we have noted, the classification arises from a compelling need for the smooth operation of governments at the local level as well as the need for candor among elected officials. Moreover, there is no blanket exclusion of non-committee members from committee sessions; the dis-

---

[9] In *Plyler v. Doe,* 457 U.S. 202, 216 n. 15 (1982), the Supreme Court said that when a right explicitly derives its source from the Constitution, statutes impinging upon that right will be subject to strict scrutiny.

cretion to close sessions of Council is narrowly limited to committee meetings where no formal action may be taken. The rule does not prohibit Guy's meeting with committee members at any time outside of the informal committee sessions.

Rule 2E is designed to foster free discussion in an atmosphere of informal cooperation and debate. We thus perceive no constitutional infirmity to compel us to grant Guy's petition for declaratory relief.

Affirmed.

### ORDER

The Allegheny County Common Pleas Court order, No. GD 80-14935 dated May 8, 1985, is affirmed.